IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MARIA C. PIZANO | § | |
| *Plaintiff* | § | |
| | § | |
| vs. | § | |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | CIVIL ACTION NO. _____ |
| INDIVIDUALLY AND D/B/A WALMART | § | |
| AND D/B/A WALMART | § | |
| SUPERCENTER, WALMART, | § | |
| WALMART SUPERCENTER, AND | § | |
| GUADALUPE GONZALEZ | § | |
| *Defendants* | § | |

**<u>NOTICE OF REMOVAL</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Wal-Mart Stores Texas, LLC (incorrectly named as Wal-Mart Stores Texas, LLC, Individually and d/b/a Walmart and d/b/a Walmart Supercenter, Walmart, Walmart Supercenter), and Guadalupe Gonzalez, the Defendants herein, and file this, their Notice of Removal pursuant to 28 U.S.C. § 1332, 1441 and 1446, and state in support thereof:

***Removed Action and Parties.***

1.      Plaintiff's lawsuit arises from alleged unlawful employment discrimination which Plaintiff alleges she suffered prior to the filing of Plaintiff's Original Petition. Plaintiff seeks actual and compensatory damages, including all statutory damages allowed by Sections 21.2585 and 21.259 of the Texas Labor Code, including exemplary damages, back pay and front pay, costs and attorney's fees, including compensation for reasonable expert fees, pre-judgment and post-judgment interest, and damages for future pecuniary

losses, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

2.     Pursuant to 28 U.S.C. § 1441, and the following, this civil action is removed from the 229th Judicial District Court of Starr County, Texas, where this matter was pending under Cause No. DC-23-552, in a matter styled, *Maria C. Pizano v. Wal-Mart Stores Texas, LLC Individually and D/B/A Walmart and D/B/A Walmart Supercenter, Walmart, Walmart Supercenter and Guadalupe Gonzalez*.

**Diversity Jurisdiction**.

3.     This court has diversity jurisdiction over this action.  28 U.S.C. § 1332.  This action therefore is removable on that ground.  28 U.S.C. § 1441(a).

**Citizenship of Parties**

4.     Plaintiff is an individual residing in Starr County, Texas.

5.     Defendant Wal-Mart Stores Texas, LLC was at the time of the filing of Plaintiff's Original Petition and is at the time of the filing of this Notice of Removal a Delaware Limited Liability Company with its principal place of business in Arkansas. The citizenship of an LLC is the same as the citizenship of all of its members. *Harvey v. Grey Wolf Drilling, Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Wal-Mart Real Estate Business Trust is the sole member of Wal-Mart Stores, Texas LLC.  Wal-Mart Real Estate Business Trust is a statutory business organized under the laws of the State of Delaware with its principal place of business in Arkansas. The citizenship of a statutory trust is the citizenship of its members, which includes its shareholders. *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 106 (2016); *Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*; 866 F.3d 351, 358 (5th Cir.

2017); *U.S. Bank Tr., N.A. v. Dupre*, 615CV0558LEKTWD, 2016 WL 5107123, at *4 (N.D.N.Y. Sept. 20, 2016) (finding that a Delaware statutory trust "seems precisely like the type [of trust] considered by the Supreme Court in Americold"). The sole unit/shareholder of Wal-Mart Real Estate Business Trust is Wal-Mart Property Co. Wal-Mart Property Co. is a Delaware corporation with its principal place of business in Arkansas, concluding that Wal-Mart Property Co. is a citizen of Delaware and Arkansas, and thus concluding that Wal-Mart Real Estate Business Trust and Wal-Mart Stores Texas, LLC are citizens of Arkansas and Delaware, not Texas. Therefore, complete diversity exists between the Plaintiff and Wal-Mart Stores Texas, LLC under 28 U.S.C. §1332(a).

6.       Defendant Guadalupe Gonzalez was at the time this suit was filed and is presently a resident and citizen of the State of Texas. However, she is improperly joined in an attempt to prevent removal, and therefore, her citizenship is disregarded for purposes of determining diversity jurisdiction.

***Improper Joinder***

7.       The improper joinder doctrine prevents plaintiffs from defeating diversity jurisdiction simply by naming a defendant who shares a plaintiff's state citizenship. 28 U.S.C. § 1441(b) (providing for removal jurisdiction in diversity cases if none of the "parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought.") (emphasis added). There are two ways to establish improper joinder: "(1) actual fraud in the pleading of the jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Only the latter method

is at issue in this case. To assess whether a plaintiff can establish a cause of action against a non-diverse party in state court, courts conduct a Rule 12(b)(6)-type analysis. *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp. Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016).

8.    Plaintiff has alleged a defamation claim against Guadalupe Gonzalez. Specially, Plaintiff alleges that Gonzalez published a false and defamatory statement to a third party asserting that Plaintiff was a thief who stole from Wal-Mart Stores Texas, LLC. To prevail on a defamation claim, a private individual must establish that the defendant: (1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with negligence regarding the truth of the statement. *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). Gonzalez was in a managerial position at the Wal-Mart location at issue, and her only involvement was indirect as a function of her managerial role. Gonzalez never spoke to anyone about Plaintiff or the circumstances of her termination. Gonzalez never texted, emailed, or spoke to anyone alleging that Plaintiff was a thief or stole anything. Plaintiff cannot prevail on a defamation claim as Gonzalez never made any type of statement concerning Plaintiff.

9.    Furthermore, in regard to Guadalupe Gonzalez's possible liability in Plaintiff's other claims, individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty of care. *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996). Thus, "[t]here is no reasonable possibility that a plaintiff can bring a claim under Texas law against a store manager for duties performed within the scope of the employee's duties." *Solis v. Wal-Mart Stores E., L.P.*, 617 F.Supp. 2d 476, 481 (S.D. Tex. 2008).

10.    There is no possibility that the Plaintiff can state a claim against Guadalupe Gonzalez. The state court petition does not provide any reasonable basis to determine that the Plaintiff has a viable cause of action against Gonzalez under Texas state law. Therefore, Gonzalez's citizenship should be disregarded for purposes of determining diversity jurisdiction because she was improperly joined in this lawsuit by the Plaintiff.

***Amount in Controversy***

11.    The amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Plaintiff has asserted damages for actual and compensatory damages, including all statutory damages allowed by Sections 21.2585 and 21.259 of the Texas Labor Code, including exemplary damages, back pay and front pay, costs and attorney's fees, including compensation for reasonable expert fees, pre-judgment and post-judgment interest, and damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life. Accordingly, it is "facially apparent" that Plaintiff's claims likely exceed $75,000.00, which is all that is required to satisfy the amount in controversy requirement.  *See Allen v. R&H Oil & Gas Co.,* 63 F. 3d 1326, 1335 (5th Cir. 1995).

***Timeliness of Removal***

12.    Wal-Mart Stores Texas, LLC was served with Plaintiff's Original Petition on December 26, 2023. Guadalupe Gonzalez has not been served. The service of citation on Wal-Mart Stores Texas, LLC on December 26, 2023 was the first notice that Wal-Mart Stores Texas, LLC received of this action. Therefore, this action is removed within thirty days of receipt by Wal-Mart Stores Texas, LLC of Plaintiff's Original Petition in this action and is timely filed under 28 U.S.C. § 1446(b).

***Notice.***

13.     Written notice of the filing of this notice of removal will be filed with the state court and provided to other parties as required by law.

***Attachments pursuant to local rules***

14.     In accordance with federal statute and local rules, attached as appendices hereto are:

A.     Index of matters being filed.

B.     List of all counsel of record, including their addresses, telephone numbers and parties represented.

C.     A true and correct copy of the docket sheet of the state court action.

D.     A true and correct copy of all executed process, pleadings asserting causes of action, and orders signed by the state judge filed in the court from which removal is sought.

WHEREFORE, PREMISES CONSIDERED, the Defendants hereby give notice of removal of this action to this Honorable Court.

Respectfully submitted,

By: */s/Susan Sullivan*
         Susan Sullivan
         Federal ID No. 13144
         State Bar No. 11546700
         Email: ssullivan@atlashall.com
         P. O. Box 3725
         McAllen, Texas 78502
         Tel: (956) 682-5501
         Fax: (956) 686-6109
ATTORNEY IN CHARGE FOR DEFENDANT

Of Counsel:
Rick Zuniga
Federal ID No. 24084148
State Bar No. 1682846
Email: rzuniga@atlashall.com
Samantha Garza
Federal ID No. 3866741
State Bar No. 24134092
Email: sgarza@atlashall.com
ATLAS, HALL & RODRIGUEZ, LLP
P. O. Box 3725
818 W. Pecan Blvd. (78501)
McAllen, Texas 78502
Tel: (956) 682-5501
Fax: (956) 686-6109

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document was sent by electronic service on January 24, 2024 to opposing counsel as follows:

Sergio S. Garza
SERGIO S. GARZA LAW FIRM, PLLC
809 E. Esperanza Ave., Ste. A
McAllen, Texas 78501
Email: sergio@sergio.law
Attorney for Plaintiff

*/s/ Susan A. Sullivan*
Susan A. Sullivan